Filed 6/5/14  P. v. Turner CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TALISA HOOPER TURNER,<br><br>    Defendant and Appellant. | B250735<br><br>(Los Angeles County<br>Super. Ct. No. MA054433) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bernie C. LaForteza, Judge.  Affirmed.

Geoffrey A. Neri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

* * * * * *

Talisa Hooper Turner appeals from a judgment revoking probation and imposing a state prison sentence after a contested hearing. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case. Appellant was charged with one count of dissuading a witness from testifying. (Pen. Code, § 136.1, subd. (a)(1).)[1] The information also contained gang allegations (§ 186.22, subd. (b)(4)), allegations of a prior strike (§§ 667, 1170.12, subd. (a)), allegations of a prior serious felony conviction (§ 667, subd. (a)(1)), and allegations of three prior prison terms (§ 667.5, subd. (b)).

Appellant pleaded no contest to dissuading a witness from testifying and admitted the three prior prison terms. On February 12, 2012, the court sentenced appellant to six years in state prison, consisting of three years for the substantive offense and one year each for the three prior prison terms. The court dismissed the remaining allegations. Having imposed this sentence, the court then suspended execution of the sentence and placed appellant on probation for three years.

On August 13, 2012, the court revoked appellant's probation because of two new arrests, one in a felony case and one in a misdemeanor case. The felony complaint involved two counts -- possession for sale of cocaine base (Health & Saf. Code, § 11351.5) and possession of a controlled substance (Health & Saf. Code,

---

[1] Further undesignated statutory references are to the Penal Code.

§ 11350, subd. (a)).  The People voluntarily dismissed the felony case and elected to proceed with the matter as a probation violation in the instant case.

The following facts were adduced at the contested probation violation hearing on June 27 and August 1, 2013.  On August 9, 2012, Deputy Scott Smith was working patrol in Lancaster when he observed appellant and two other individuals loitering in front of a motel.  The location is known for narcotics sales.  Deputy Smith also knew appellant from previous encounters.  As the deputy approached appellant, she reached into the rear of her shorts, retrieved a paper bindle, and dropped it into a planter near her.  Deputy's Smith's partner, Deputy Jeremiah Fletcher, saw appellant retrieve an "item" from her left-hand side and toss it into the planter.  After the deputies detained appellant, Deputy Smith retrieved and examined the paper bindle and found in it what he believed to be rock cocaine.  A criminalist later determined the bindle contained 0.36 grams of cocaine in the base form.

Defense witness Shakila Tucker testified she and appellant were talking near the motel when "a bunch of cops pulled up," drew their guns, and ordered them to "freeze."  Tucker never saw appellant reach behind her or toss anything into the planter.  The deputies arrested appellant and took her to the back of the motel.  A deputy searched the planter but did not retrieve anything from it.

The court found the People had proved a probation violation by a preponderance of the evidence, revoked probation, and imposed the six-year state prison sentence it had suspended.  The court also terminated the misdemeanor case against appellant without the benefit of dismissal.  Appellant filed a timely notice of appeal from the order and judgment revoking probation and imposing sentence.

3

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende*, *supra*, 25 Cal.3d at page 441. On March 13, 2014, we advised appellant she had 30 days within which to submit any contentions or issues that she wished us to consider.

Appellant filed a supplemental letter brief contending the court never should have placed her on probation in the first place because she never committed "this crime," referring to her underlying 2012 conviction for dissuading a witness from testifying. She contends her trial counsel did not fairly represent her during that stage of the case.

We reject appellant's contentions. When the court suspended execution of sentence and placed her on probation, that was a judgment of conviction from which she could have appealed. (*People v. Munoz* (1975) 51 Cal.App.3d 559, 563.) Because she had the right to appeal at that time and raise all matters going to the validity of her 2012 conviction, and she failed to do so, she cannot now raise those claims of error. (*Ibid.*) An exception to this bar exists for constitutional arguments, but even were we to construe appellant's contentions as a constitutional argument that she did not receive adequate counsel, her challenge would fail. Appellant pleaded no contest to the charge of dissuading a witness from testifying. No appeal can be taken in this circumstance unless the defendant has filed a written statement with the trial court showing "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and the court has issued a certificate of probable cause for the appeal. (§ 1237.5.) Appellant never obtained a certificate of probable cause.

4

We have examined the entire record.  We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see also *People v. Kelly, supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P.J.

GRIMES, J.